PHILIP PORBONER, Respondent, *v.* S. LAWRENCE MILLER, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Appeal — from order granting motion to open default and vacate judgment — waiver.

Motions and orders — default — right to renew motion without leave of court — Municipal Court Code, § 167(1).

Upon appeal from an order granting a motion to open plaintiff's default in a Municipal Court action, and vacate the judgment entered thereon, an objection that neither the order to show cause nor the affidavit upon which it was granted showed reason for abridging the time in the notice of motion is waived unless raised in the court below.

Where the record on appeal affirmatively shows that upon the return day of the motion plaintiff appeared in the wrong district by mistake, and defendant took a decision on the motion by default, such decision was not on the merits and plaintiff had a right to renew his motion without leave of court, but as the dismissal of the motion was equivalent to a denial of the same and the court having power under section 167(1) of the Municipal Court Code to impose costs, which it did, a renewal of the motion was automatically stayed until payment of such costs.

APPEAL by plaintiff from an order granting a motion to open defendant's default in the Municipal Court of the city of New York, borough of Manhattan, eighth district.

Lee McCanliss, for appellant.

Mordecai P. Springer, for respondent.

Misc.]   Supreme Court, Appellate Term, November, 1916.

GUY, J.   Plaintiff brought an action against defendant upon an alleged claim for personal injuries occasioned by being struck by defendant's automobile. Plaintiff failing to file the summons and complaint the defendant took a default judgment against the plaintiff for the costs of the action.   The action was brought in the eighth district, Municipal Court.   Subsequently the plaintiff made a motion to open his default returnable in the fifth district.   The plaintiff, however, appeared in the eighth district upon the return day of the motion and the justice refused to entertain the motion the papers being entitled in the fifth district. In the fifth district the plaintiff failing to appear the motion was dismissed with five dollars costs.   The plaintiff then obtained an order to show cause returnable in the eighth district why his default should not be opened.   Upon the return of this motion the defendant objected to its hearing upon the ground that the previous motion in the fifth district had been denied on the merits and the justice hearing the motion held that the plaintiff should withdraw it and move in the fifth district for an order setting aside the alleged denial of the motion.

Plaintiff then again moved in the fifth district for an order setting aside the denial of his first motion therein, and upon the hearing it was disclosed that the original motion had not been denied on the merits but merely dismissed and the plaintiff then withdrew his last motion.

He then again moved in the eighth district for an order opening his default and vacating the judgment, which motion was granted upon terms.   This appeal is taken from the order last mentioned.   The costs upon the dismissal of the motion in the fifth district have not been paid.

Supreme Court, Appellate Term, November, 1916. [Vol. 97.

The appellant urges that the order appealed from should be reversed for the reason (1) that a previous motion for the same relief had been made and "dismissed" with costs, which costs have not been paid: (2) that the motion was brought on by an order to show cause served at five-thirty P. M. of one day and returnable at nine A. M. the next day without any reason being given either in the order or in the moving papers for such short notice, and (3) a second motion for the same relief is improper. The second and third reasons are of no merit. The objection that neither the order to show cause nor the affidavit upon which it was granted showed reason for abridging the time in the notice to be given goes merely to the manner in which the motion is brought on for hearing and unless raised by objection in the lower court is waived. *Wooster* v. *Bateman,* 53 N. Y. St. Repr. 562. It nowhere appears in the record that such objection was made. It is also perfectly clear that the motion in the fifth district was not denied upon the merits. In fact the appellant states in his brief that the motion was "dismissed," and it affirmatively appears in the record that the plaintiff failed to appear upon the return day of the motion, having appeared in the eighth district by mistake instead of the fifth and defendant took his decision on the motion by default. The record shows and the respondent concedes in his brief that "respondent after making the motion did not appear;" consequently there could be no consideration of the merits and the plaintiff had a right to renew the motion without leave previously obtained. Upon the question of the non-payment of costs, however, a more serious question arises. The Municipal Court Code, section 125, provides that: "all proceedings on the part of the party * * * who is required to pay the costs of any motion * * * are stayed with-

out further direction of the court until the payment thereof.''

The respondent claims that the Muncipal Court Code makes no provision for the '' dismissal '' of a motion, section 167, subdivision 1, of that Code, being limited to the imposition of costs upon the '' granting or denying a motion. Section 15 of the Municipal Court Code, however, makes the practice, etc., in the Municipal Court conform to that of a Supreme Court where not in conflict therewith, and rule 37 of the General Rules of Practice declares that: '' If the party making the motion shall not appear, the court shall deny the motion,'' etc. It follows, therefore, that the word '' dismissal '' used in the decision of a motion is equivalent to a denial of the same, and, therefore, the power to impose costs within the limit of section 167, Municipal Court Code, is given that court. The plaintiff was, therefore, automatically stayed from making a motion resulting in the order appealed from until the payment of the five dollars costs imposed upon the dismissal of the motion in the fifth district.

Order appealed from reversed, without costs and with leave to renew the motion to vacate the judgment and open the default upon payment of the costs imposed by the order entered in the Fifth District Court.

BIJUR and SHEARN, JJ., concur.

Order reversed, without costs.